IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE WHALER ON KAANAPALI BEACH,<br><br>    Plaintiff,<br><br>    vs.<br><br>SHARON LEE ADAMS, BEVERLY LECON, BERNARD P. REESE, JR., JOHN DOES 1-50, JANE DOES 1-50, and DOE CORPORATIONS 1-50, DOE PARTNERSHIPS 1-50, and DOE GOVERNMENTAL UNITS 1-5,<br><br>    Defendants. | CIVIL NO. 05-00213 HG-KSC<br><br>REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT ADAMS' BILL OF COSTS |

REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT ADAMS'
<u>BILL OF COSTS</u>

On July 6, 2006, Defendant Sharon Lee Adams ("Defendant Adams") filed Defendant Adams' Bill of Costs ("Bill of Costs"). Defendant Adams requests that the Court tax costs in the amount of $9,161.20 against Plaintiff the Association of Apartment Owners of the Whaler on Kaanapali Beach ("Plaintiff"). On July 18,

2006, Plaintiff filed Objections to Defendant Adams' Bill of Costs ("Objections").

Defendant Adams, as a prevailing party in this action, seek costs pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(1), Local Rule 54.2(f) of the Local Rules of the United States District Court for the District of Hawaii ("Local Rules"), and 28 U.S.C. § 1920.  Specifically, Defendant Adams seeks the following costs: (1) fees for service of summons and subpoenas; (2) transcript fees; (3) printing/copying costs; and (4) witness and mileage fees.  Plaintiff objects to the costs of extra copies of depositions taken by others obtained for the convenience of counsel and the cost of excessive copies.  The Court will address each of the requested categories of costs in turn.

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs are allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d).  While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax

the costs specified in 28 U.S.C. § 1920.  See <u>Yasui v. Maui Electric Co., Ltd.</u>, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).

     Defendant Adams seeks $381.53 in costs for the fees for the service of summons and subpoenas pursuant to 28 U.S.C. § 1920(1).  Pursuant to 28 U.S.C. § 1920(1), a judge may tax costs for fees of the clerk and marshal.  In <u>Aflex Corp. v. Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 178 (9th Cir. 1990), the Ninth Circuit held that Section 1920(1) also includes the cost of private process servers.  Accordingly, the Court FINDS and RECOMMENDS that Defendant Adams be awarded $381.53 in costs for the fees for the service of summons and subpoenas.

     Defendant Adams seeks $5,038.47 in costs representing the cost of the copies of the deposition transcripts of William Sternoff, Cindy Amano, Brad Mickelson ($2,731.12) and the written interrogatory deposition transcripts of Pacific Building Corporation, Allied Maintenance Services, Inc., Architectural Diagnostics, and Miyasato-Kuniyoshi Engineers

($2,307.35).  Pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2), a judge may tax costs for the "stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case." L.R. 54.2(f)(2).

Plaintiff objects to the cost of the written interrogatory deposition transcripts of Pacific Building Corporation, Allied Maintenance Services, Inc., Architectural Diagnostics, and Miyasato-Kuniyoshi Engineers to the extent that it relates to the garage special assessment or its dollar amount.  Defendant Adams asserts that these depositions and transcripts were necessary to defend Plaintiff's tortious interference with contractual relations claim.  The Court finds that all of the requested deposition transcripts were relevant to Defendant Adams' defenses and/or necessarily obtained for use in the case.  In addition, despite Plaintiff's assertion to the contrary, each Defendant is entitled to recover the cost of one copy of each of the transcripts.  Accordingly, the Court FINDS and RECOMMENDS that

Defendant Adams be awarded $5,038.47 for deposition transcript costs.

Defendant Adams seeks $223.00 in witness and mileage fees.  Pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3), a judge may tax costs for "per diem, subsistence, and mileage payments for witnesses...to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." L.R. 54.2(f)(3). Defendant Adams asserts that 28 U.S.C. § 1821(a)(1) and (b) provide for payment of fees and allowances to witnesses in connection with the taking of their depositions, such as payment of attendance fees in the amount of $40.00 per day and related travel expenses. The Court finds that the requested witness fees are permissible under 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3).  Accordingly,  the Court FINDS and RECOMMENDS that Defendant Adams be awarded $223.00 for witness and mileage fees.

Pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4), Defendant Adams seeks printing and copying

costs in the amount of $3,518.20 representing $2,025.00 for in-house copying and $1,493.20 for outside copying. 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4) permit a judge to tax "[t]he cost of copies necessarily obtained for use in the case...provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied...[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable." L.R. 54.2(f)(4).  The district court has discretion to determine what photocopying costs are "necessarily obtained for use in the case."  The documents need not be introduced into the record to be necessarily obtained for use in the case.  Yasui, 78 F. Supp. 2d at 1128 (citing Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F. 2d 587, 588 (9th Cir. 1990).

       Defendant Adams requests $2,025.00 for in-house copying costs.  However, Defendant Adams has failed to

identify or describe any of the documents copied. Therefore, the Court is unable to determine whether all of these copies were necessarily obtained for use in the case.  Consequently, the Court FINDS and RECOMMENDS that the amount requested for in-house copies be reduced by twenty-five (25) percent for a total award of $1,518.75 for in-house copies.  Regarding outside copying costs, Defendant Adams has provided descriptions of the documents copied and attached related exhibits to her Bill of Costs.  Therefore, the Court FINDS and RECOMMENDS that Defendant Adams be awarded $1,493.20 for outside copying costs. Consequently, the Court FINDS and RECOMMENDS that Defendant Adams be awarded $3,011.95 for copying costs.

Accordingly, the Court FINDS and RECOMMENDS that Defendant Adams be awarded the following costs: (1) $381.53 for fees of service of summonses and subpoenas pursuant to 28 U.S.C. § 1920(1); (2) $5,038.47 for court reporter fees incurred in obtaining stenographic transcripts necessarily obtained

7

for use in the case pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2); (3) $223.00 for witness fees pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3); and (4) $3,011.95 for fees for the exemplification and copies of papers necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4), for a total award of $8,654.95.  The Court hereby FINDS and RECOMMENDS that the Clerk be directed to tax costs in the amount of $8,654.95.

     IT IS SO FOUND AND RECOMMENDED.

     Dated:  Honolulu, Hawaii, August 11, 2006.



                                       Kevin S.C. Chang
                                       United States Magistrate Judge

CIVIL NO. 05-00213 HG-KSC. ASSOCIATION OF APARTMENT OWNERS OF THE WHALER ON KAANAPALI BEACH v. SHARON LEE ADAMS, et. al.; REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT ADAMS' BILL OF COSTS