IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE WHALER ON KAANAPALI BEACH,<br><br>    Plaintiff,<br><br>    vs.<br><br>SHARON LEE ADAMS, BEVERLY LECON, BERNARD P. REESE, JR., JOHN DOES 1-50, JANE DOES 1-50, and DOE CORPORATIONS 1-50, DOE PARTNERSHIPS 1-50, and DOE GOVERNMENTAL UNITS 1-5,<br><br>    Defendants. | CIVIL NO. 05-00213 HG-KSC<br><br>REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT LECON'S BILL OF COSTS |

REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT
<u>LECON'S BILL OF COSTS</u>

On July 6, 2006, Defendant Beverly Lecon ("Defendant Lecon") filed Defendant Lecon's Bill of Costs ("Bill of Costs"). Defendant Lecon requests that the Court tax costs in the amount of $3,513.95 against Plaintiff the Association of Apartment Owners of the Whaler on Kaanapali Beach ("Plaintiff"). On July 18,

2006, Plaintiff filed Objections to Defendant Lecon's Bill of Costs ("Objections").

Defendant Lecon, as a prevailing party in this action, seek costs pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(1), Local Rule 54.2(f) of the Local Rules of the United States District Court for the District of Hawaii ("Local Rules"), and 28 U.S.C. § 1920.  Specifically, Defendant Lecon seeks the following costs: (1) fees for service of summonses and subpoenas; (2) fees of the court reporter for transcripts; (3) fees and disbursements for printing; (4) witness fees; (5) photocopying expenses; and (6) the Hawaii general excise tax.  Plaintiff objects to the following costs: (1) costs incident to taking records deposition of Architectural Diagnostics, Ltd. ("ADL"); (2) copies of depositions taken by others obtained for the convenience of non-deposing counsel; and (3) the Hawaii general excise tax.  The Court will address each of the requested categories of costs in turn.

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs are allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920. See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).

Defendant Lecon seeks $58.00 for fees for service of summons and subpoenas pursuant to 28 U.S.C. § 1920(1). Pursuant to 28 U.S.C. § 1920(1), a judge may tax costs for fees of the clerk and marshal. In Aflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 178 (9th Cir. 1990), the Ninth Circuit held that Section 1920(1) also includes the cost of private process servers. Despite Plaintiff's assertion to the contrary, the Court finds that the fees for service of summons and subpoenas incurred were reasonable in that the discovery sought by Defendant Lecon was related to her defenses against Plaintiff's claims. Accordingly, the Court FINDS and RECOMMENDS that Defendant Lecon be

awarded $58.00 in costs for the service of summonses and subpoenas.

Defendant Lecon seeks $2,166.57 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case. Pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2), a judge may tax costs for the "stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case." L.R. 54.2(f)(2).

Plaintiff objects to any cost related to the records deposition of ADL to the extent that these records relate to the garage special assessment or its dollar amount. Defendant Lecon asserts that all of the depositions and transcripts were necessary to her defense. The Court finds that all of the requested deposition transcripts were related to Defendant Lecon's defenses and/or were necessarily obtained for use in the case. In addition, despite Plaintiff's assertion to the contrary, each Defendant is entitled to recover the cost of one copy of each of the

transcripts.  Accordingly, the Court FINDS and RECOMMENDS that Defendant Lecon be awarded $2,166.57 for deposition transcript costs.

Defendant Lecon seeks $40.00 for witness fees. Pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3), a judge may tax costs for "per diem, subsistence, and mileage payments for witnesses...to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." L.R. 54.2(f)(3).  Defendant Lecon asserts that 28 U.S.C. § 1821(b) and (c)(2) provide for the payment of attendance fees in the amount of $40.00 per day and for mileage for the witnesses, respectively.  The Court finds that the requested witness fees are permissible under 28 U.S.C. § 1920(3) Local Rule 54.2(f)(3).  Accordingly, the Court FINDS and RECOMMENDS that Defendant Lecon be awarded $40.00 for witness fees.

Pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4), Defendant Lecon seeks printing and copying costs in the amount of $1,108.81, representing $305.25

for in-house copying/printing costs and $803.56 for outside copies.  28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4) permit a judge to tax "[t]he cost of copies necessarily obtained for use in the case...provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied...[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable." L.R. 54.2(f)(4).  The district court has discretion to determine what photocopying costs are "necessarily obtained for use in the case."  The documents need not be introduced into the record to be necessarily obtained for use in the case.  Yasui, 78 F. Supp. 2d at 1128 (citing Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F. 2d 587, 588 (9th Cir. 1990).

      Defendant Lecon requests $305.25 for in-house copying costs at $.15 per copy.  However, Defendant

Lecon has only provided a general description of the documents copied and does not itemize how many copies were made for pleadings, memoranda, etc. Therefore, the Court is unable to determine whether all of these copies were necessarily obtained for use in the case. Consequently, the Court FINDS and RECOMMENDS that the amount requested for in-house copies be reduced by twenty-five (25) percent for a total award of $228.93 for in-house copies. Regarding outside copying costs, Defendant Lecon has provided general descriptions of the documents copied. The majority of outside copying costs are for discovery documents produced by Plaintiff. However, Plaintiff fails to explain why these copies were "necessarily obtained for use in the case" rather than merely for the convenience of counsel. Therefore, the Court FINDS and RECOMMENDS that Defendant Lecon's award for outside copying costs be reduced by twenty-five (25) percent for an award of $602.67 for outside copying costs. Consequently, the

Court FINDS and RECOMMENDS that Defendant Lecon be awarded a total of $831.60 for copying costs.

Defendant Lecon additionally requests $140.57 representing the Hawaii general excise tax for the costs listed in her Bill of Costs. 28 U.S.C. § 1920 does not authorize a court to award general excise taxes. Consequently, the Court FINDS and RECOMMENDS that Defendant Lecon not be awarded the cost of the Hawaii general excise tax.

Accordingly, the Court FINDS and RECOMMENDS that Defendant Lecon be awarded the following costs: (1) $58.00 for the fees of the clerk and the fees for the service of summonses and subpoenas pursuant to 28 U.S.C. § 1920(1); (2) $2,166.57 for court reporter fees incurred in obtaining stenographic transcripts necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2); (3) $40.00 for witness fees pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3); and (4) $831.60 for fees for the exemplification and copies of papers necessarily

obtained for use in the case pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4), for a total award of $3,096.17.  The Court hereby FINDS and RECOMMENDS that the Clerk be directed to tax costs in the amount of $3,096.17.

       IT IS SO FOUND AND RECOMMENDED.

       Dated:  Honolulu, Hawaii, August 11, 2006.



                                                   Kevin S.C. Chang
                                                   United States Magistrate Judge

CIVIL NO. 05-00213 HG-KSC. <u>ASSOCIATION OF APARTMENT OWNERS OF THE WHALER ON KAANAPALI BEACH v. SHARON LEE ADAMS, et. al.</u>; REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT LECON'S BILL OF COSTS