IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE ASSOCIATION OF APARTMENT OWNERS OF THE WHALER ON KAANAPALI BEACH, | ) CIVIL NO. 05-00213 HG-KSC<br>)<br>) REPORT OF THE SPECIAL<br>) MASTER REGARDING DEFENDANT |
| Plaintiff, | ) REESE'S BILL OF COSTS<br>) |
| vs. | )<br>) |
| SHARON LEE ADAMS, BEVERLY LECON, BERNARD P. REESE, JR., JOHN DOES 1-50, JANE DOES 1-50, and DOE CORPORATIONS 1-50, DOE PARTNERSHIPS 1-50, and DOE GOVERNMENTAL UNITS 1-5, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT
<u>REESE'S BILL OF COSTS</u>

On July 5, 2006, Defendant Bernard P. Reese ("Defendant Reese") filed Defendant Reese's Bill of Costs ("Bill of Costs"). Defendant Reese requests that the Court tax costs in the amount of $7,202.31 against Plaintiff the Association of Apartment Owners of the Whaler on Kaanapali Beach ("Plaintiff"). On July 17,

2006, Plaintiff filed Objections to Defendant Reese's Bill of Costs ("Objections").

Defendant Reese, as a prevailing party in this action, seek costs pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(1), Local Rule 54.2(f) of the Local Rules of the United States District Court for the District of Hawaii ("Local Rules"), and 28 U.S.C. § 1920.  Specifically, Defendant Reese seeks the following costs: (1) fees of the clerk; (2) fees for service of summonses and subpoenas; (3) fees of the court reporter for transcripts; (4) witness fees; and (5) photocopying expenses.  Plaintiff objects to the following costs: (1) costs incident to taking the records depositions of Miyasato-Kuniyoshi Engineers ("MKE") and Allied Maintenance Services, dba ABM Family of Services ("ABM"); (2) costs of duplicate copies of the oral depositions of Cindy Amano and Brad Mickelson and the records depositions of Architectural Diagnostics, Ltd.; (3) costs of copying documents produced by Plaintiff; and (4) fees in connection with

the ABM/MKE records depositions.  The Court will address each of the requested categories of costs in turn.

Under Federal Rule of Civil Procedure ("Rule") 54(d), costs are allowed as a matter of course to the prevailing party unless the court otherwise directs.  Fed. R. Civ. P. 54(d).  While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  See Yasui v. Maui Electric Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).

Defendant Reese seeks $250.00 in costs for the fees for the fees of the clerk and $145.00 for fees for service of summons and subpoenas pursuant to 28 U.S.C. § 1920(1).  Pursuant to 28 U.S.C. § 1920(1), a judge may tax costs for fees of the clerk and marshal.  In Aflex Corp. v. Underwriters Laboratories, Inc., 914 F.2d 175, 178 (9th Cir. 1990), the Ninth Circuit held that Section 1920(1) also includes the cost of private process servers.  Despite Plaintiff's assertion to the

contrary, the Court finds that the fees for service of summons and subpoenas incurred were reasonable in that the discovery sought by Defendant Reese was related to his defenses against Plaintiff's claims. Accordingly, the Court FINDS and RECOMMENDS that Defendant Reese be awarded $395.00 in costs for the fees of the clerk and the fees for the service of summonses and subpoenas.

Defendant Reese seeks $4,065.03 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case. Pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2), a judge may tax costs for the "stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case." L.R. 54.2(f)(2).

Plaintiff objects to any cost related to the records deposition of MKE and ABM to the extent that it relates to the garage special assessment or its dollar amount. Defendant Reese asserts that these depositions and transcripts were necessary to his defense. The

Court finds that all of the requested deposition transcripts were related to Defendant Reese's defenses and/or were necessarily obtained for use in the case. In addition, despite Plaintiff's assertion to the contrary, each Defendant is entitled to recover the cost of one copy of each of the transcripts. Accordingly, the Court FINDS and RECOMMENDS that Defendant Reese be awarded $4,065.03 for deposition transcript costs.

Defendant Reese seeks $90.00 for witness fees. Pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3), a judge may tax costs for "per diem, subsistence, and mileage payments for witnesses...to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." L.R. 54.2(f)(3).  Defendant Reese asserts that 28 U.S.C. § 1821(b) and (c)(2) provide for the payment of attendance fees in the amount of $40.00 per day and for mileage for the witnesses, respectively.  The Court finds that the requested witness fees are permissible under 28 U.S.C. § 1920(3)

Local Rule 54.2(f)(3). Accordingly, the Court FINDS and RECOMMENDS that Defendant Reese be awarded $90.00 for witness fees.

Pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4), Defendant Reese seeks printing and copying costs in the amount of $2,652.28, representing $1,021.50 for in-house copies and 1,630.78 for outside copies. 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4) permit a judge to tax "[t]he cost of copies necessarily obtained for use in the case...provided the party seeking recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied...[t]he cost of copies obtained for the use and/or convenience of the party seeking recovery and its counsel is not allowable." L.R. 54.2(f)(4). The district court has discretion to determine what photocopying costs are "necessarily obtained for use in the case." The documents need not be introduced into the record to be necessarily obtained for use in the

case.  Yasui, 78 F. Supp. 2d at 1128 (citing Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc., 920 F. 2d 587, 588 (9th Cir. 1990).

     Defendant Reese requests $1,021.50 for in-house copying costs at $.15 per copy.  However, Defendant Reese has failed to identify or describe any of the documents copied.  Therefore, the Court is unable to determine whether all of these copies were necessarily obtained for use in the case.  Consequently, the Court FINDS and RECOMMENDS that the amount requested for in-house copies be reduced by twenty-five (25) percent for a total award of $766.13 for in-house copies. Regarding outside copying costs, Defendant Reese has provided general descriptions of the documents copied. The majority of outside copying costs are for discovery documents produced by Plaintiff.  However, Plaintiff fails to explain why these copies were "necessarily obtained for use in the case" rather than merely for the convenience of counsel.  Therefore, the Court FINDS and RECOMMENDS that Defendant Reese's award for outside

copying costs be reduced by twenty-five (25) percent for an award of $1,223.09 for outside copying costs. Consequently, the Court FINDS and RECOMMENDS that Defendant Reese be awarded a total of $1,989.22 for copying costs.

Accordingly, the Court FINDS and RECOMMENDS that Defendant Reese be awarded the following costs: (1) $395.00 for the fees of the clerk and the fees for the service of summonses and subpoenas pursuant to 28 U.S.C. § 1920(1); (2) $4,065.03 for court reporter fees incurred in obtaining stenographic transcripts necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(2) and Local Rule 54.2(f)(2); (3) $90.00 for witness fees pursuant to 28 U.S.C. § 1920(3) and Local Rule 54.2(f)(3); and (4) $1,989.22 for fees for the exemplification and copies of papers necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(4) and Local Rule 54.2(f)(4), for a total award of $6,539.25.  The Court hereby FINDS and RECOMMENDS that

the Clerk be directed to tax costs in the amount of $6,539.25.

     IT IS SO FOUND AND RECOMMENDED.

     Dated:  Honolulu, Hawaii, August 11, 2006.



                              _____
                              Kevin S.C. Chang
                              United States Magistrate Judge

CIVIL NO. 05-00213 HG-KSC. <u>ASSOCIATION OF APARTMENT OWNERS OF THE WHALER ON KAANAPALI BEACH v. SHARON LEE ADAMS, et. al.;</u> REPORT OF THE SPECIAL MASTER REGARDING DEFENDANT REESE'S BILL OF COSTS